# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KHALIL I. DAOUD,
              Appellant,

      v.

UNITED STATES POSTAL SERVICE,
              Agency.

DOCKET NUMBER
SF-0752-18-0378-I-1

DATE: February 29, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ronald P. Ackerman</u>, Esquire, Los Angeles, California, for the appellant.

<u>Jules F. Miller</u>, Esquire, Irvine, California, for the appellant.

<u>Scott Zielinski</u>, San Diego, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal from his position as a Supervisor in Customer Service at the Irvine, California Post Office for unacceptable conduct and lack of candor. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, except as expressly MODIFIED to find that, in addition to failing to show that the deciding official's consideration of information that was not initially disclosed to the appellant constituted a due process violation, the appellant did not show that the deciding official's consideration of this information constituted harmful procedural error.

On review, the appellant argues that the administrative judge incorrectly considered as a potential due process violation the deciding official's testimony that the appellant's conduct, as described under the agency's charge of unacceptable conduct, was tantamount to "stealing" time, rather than as evidence that the agency charged the appellant with theft. Petition for Review (PFR) File, Tab 1 at 6-8. He also argues that the administrative judge failed to treat the agency's charges of unacceptable conduct and lack of candor as charges of falsification, and that the agency failed to prove the element of intent necessary to establish falsification. *Id.* at 9-10. The appellant further asserts that the administrative judge made errors in her factual and credibility findings, and that she erred in applying the law to the facts of this case in sustaining the charges and

the penalty of removal.[2]  *Id.* at 10-20.  Our review of the record reflects that the administrative judge correctly sustained the charges of unacceptable conduct and lack of candor, found that the appellant did not show that the agency failed to provide him with sufficient due process or that his equal employment opportunity (EEO) activity was a motivating factor in his removal,[3] and determined that the agency proved a nexus between the appellant's conduct and the efficiency of the service and that the penalty of removal fell within tolerable limits of reasonableness.  Initial Appeal File (IAF), Tab 21, Initial Decision (ID).

After the administrative judge found that the deciding official considered information ex parte in determining that the penalty of removal was reasonable, but that the agency notified the appellant of the information and provided him with an opportunity to reply, therefore providing him with sufficient due process, she did not consider whether the deciding official's consideration of this information constituted harmful procedural error.  ID at 16-18.  A procedural error that does not amount to a due process violation must be analyzed under the harmless error standard.  *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1281-82 (Fed. Cir. 2011).  To prove harmful procedural error, the appellant must show both that the agency committed procedural error and that the error was harmful.  *Rogers v. Department of Defense*, 122 M.S.P.R. 671, ¶ 7 (2015).  Harmful error

---

[2] The agency submitted an opposition to the appellant's petition for review that is untimely filed by over 1 year; to date, the agency has not provided an explanation for the significant delay.  PFR File, Tab 3; *see* 5 C.F.R. § 1201.114(e) (providing that a response to a petition for review must be filed within 25 days of the date of service of the petition).  We decline to consider the agency's opposition because we find that it is untimely filed without good cause shown.  *See* 5 C.F.R. §§ 1201.12, 1201.114(g) (providing that the Board may waive the time limit to file a response to a petition for review only upon a showing of good cause for the delay in filing).  As such, we decline to consider the appellant's reply to the agency's opposition.  *See* 5 C.F.R. § 1201.114(a)(4) (providing that a reply to a response to a petition for review is limited to the factual and legal issues raised by another party in its response to the petition).

[3] Because we affirm the administrative judge's finding that the appellant failed to prove that his EEO activity was a motivating factor in his removal, we do not reach the issue of whether retaliation was a "but-for" cause of the removal decision.  *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 48.

cannot be presumed; an agency error is harmful only where the record shows that the error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Id.* To the extent that the deciding official's consideration of this information constituted procedural error, the appellant did not show that the error was harmful. The appellant received notice of the deciding official's intent to consider the information and an opportunity to respond during his oral reply, and he has not otherwise provided evidence that the error caused the deciding official to reach a different conclusion than he otherwise would have made regarding the penalty. IAF, Tab 15 (testimony of the deciding official). Accordingly, we affirm the initial decision as modified herein.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.